**FISCHL et al. v. JONES et al. (No. 6805.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1922. Rehearing Denied Nov. 22, 1922.)

Appeal and error ⟊1062(1)—Form of issue submitted to jury immaterial, where rights in any event are barred by limitation.

In an action for partition and accounting of rents and profits of land claimed by the heirs of a deceased wife' on the theory that it was purchased with her separate funds, any error in requiring the jury to find as a whole, rather than to allow them to determine whether the land might have been purchased in part by the wife's money, is harmless, where the statute of limitations has run against them, and would in any event preclude recovery.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Gus Fischl and others against Dave Jones and another. From judgment for defendants, plaintiffs appeal. Affirmed.

James C. Patton and Clark & Clark, all of Dallas, for appellants.

Ingrum, Smith & Gulley, of San Antonio, for appellees.

---

COBBS, J. This suit was brought on December 5, 1920, by appellants as the sole heirs of Mrs. Teresa Jones, the deceased wife of Pat Jones, deceased, against appellees, the executors and sole heirs of Pat Jones, the deceased husband of said Teresa. Pat Jones and Teresa Jones were united in marriage on the 17th day of September, 1898. Teresa Jones died January 10, 1909, intestate, and Pat Jones died March 12, 1919, leaving a last will and testament. They had no children issue of that marriage.

By the will of Pat Jones, deceased, dated 16th day of October, which was duly probated, he devised all his property, which, included the property in controversy, to the appellees, except Neta Daniels and J. C. Meredith; Dave and Martin Jones, the brothers of deceased and appellees herein, being made independent executors, and duly qualified as such.

It was alleged that the title to all property acquired during the marriage was taken in the name of Pat Jones, deceased, but paid for out of the separate funds and estate of his said wife, and after her death, dying without children, one-half thereof descended to Pat Jones, deceased, and the remaining half descended to her heirs, and that Pat Jones during his life held it as a joint tenant with appellants, and recognized the fact that said property belonged to his wife during her lifetime, and thereafter the other half belonged to her heirs, and that he during his lifetime never repudiated the relation of joint tenancy.

The petition also seeks an accounting in respect to proceeds of sales made of said property in large amounts by Pat Jones, deceased, for rents collected and for partition of the lands. The answer consisted of various exceptions, plea of general denial, plea of not guilty, pleas of limitation of 3, 5, and 10 years, 4 years' stale demand and laches, and of 2 years in respect to the personal recovery sought.

All demurrers and exceptions were overruled. The case was submitted to the jury on special issues, and upon the verdict of the jury the court rendered judgment that plaintiffs (appellants) take nothing by their suit against defendants (appellees and Neta Daniels), and that defendants recover their costs of plaintiffs, and that all right, title, interest, and claim, of any and every nature, of plaintiffs in and to all the land described in plaintiffs' petition be, and was thereby, canceled and held for naught.

Neta Daniels was made a party defendant because she claimed the land described as "lot No. 7" in plaintiffs' petition upon an alleged contract by Pat Jones to convey or devise the same to her for personal services rendered by her to said Pat Jones and Teresa Jones during their lifetime, or, in the alternative, $10,000 as damages or as the value of

said services, with a lien upon all the property described in said petition. The verdict and judgment were against said Neta Daniels as to the land, but in her favor for $1,800 against Dave Jones and Martin Jones as executors of the will of Pat Jones, deceased, with a lien on all said property. But the judgment as to Neta Daniels has been settled and disposed of, and is not in issue on this appeal.

The first issue submitted by the court to the jury was to ascertain:

"(1) Was the land described in the petition as 'first division of lot No. 2' the separate property of Teresa Jones? Answer Yes or No. We, the jury, answer No."

While, as appellants urge, the suit asked for an accounting, it was a suit to recover the land and for partition on the ground that it was all purchased with the separate estate and funds of Teresa Jones, deceased, and the title to all of said property was taken in the name of the said Pat Jones; that the consideration therefor was paid out of the separate estate of the said deceased, Teresa Jones, and with her sole and separate funds and means; that therefore said property thus acquired became the separate property and estate of the said Teresa Jones, and after her death one-half thereof became the property of the said Pat Jones, there having been no children born to said parties, and the remaining one-half belonged to the heirs at law of the said Teresa Jones, plaintiffs herein. The appellant claims it was error because it did not allow the jury to determine from the evidence whether the land was purchased with a part of the wife's separate funds, but required them to find as to the whole. This charge was given just as the pleadings averred.

The instructions covering the question was very clear as to what constituted her separate estate. There was testimony pro and con on the subject. The testimony supports the finding of the jury, and their verdict will not be disturbed, and this would be exclusive of any testimony admitted by the court over the objection of appellants as presented by the bills of exception complaining of the ruling of the court.

If we should hold the court committed any error in such ruling, it would be immaterial, because the testimony is ample and most conclusive, that, if the appellants ever had any claims thereto, the same have long since been barred by all the statute of limitations pleaded and proven by appellee.

The testimony is most conclusive and satisfactory sustaining such pleas, and we cannot see how any other conclusion can be reached. We have examined all the propositions and assignments raised, and, finding no reversible error assigned, the judgment of the trial court is affirmed.